UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18cv24727

OLGA MATJUSINA AND VALENTINA MATJUSINA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

    Plaintiff,

v.                        **COMPLAINT – CLASS ACTION**

PAIGE LAW GROUP, P.A.,

    Defendants.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

**JURY DEMAND**

On behalf of the putative class, Plaintiffs OLGA MATJUSINA AND VALENTINA MATJUSINA ("Plaintiff"), seeks redress for the unlawful conduct of Defendant PAIGE LAW GROUP, P.A. ("Defendant"), *to wit*, violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Simply put, Defendant has dispatched hundreds, or even thousands, of unlawful collection letters to United States consumers, whereby each such letter contains identical violations of § 1692g(a)(3), § 1692g(a)(4) and § 1692g(a)(5) of the FDCPA.

**INTRODUCTION**

1.    The FDCPA "is a consumer protection statute that imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair'" debt-collection practices. Crawford v.

LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010)).

2. "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *see, e.g.*, Id. at 453 (quoting 15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

3. As set forth in more detail below, Defendant has dispatched hundreds, if not, thousands of unlawful collection letters to consumers in an attempt to collect a debt, and in each such letter, Defendant failed to provide the least sophisticated consumer with mandatory disclosures and/or information in violation of § 1692g(a)(3), § 1692g(a)(4) and § 1692g(a)(5). Accordingly, Plaintiff, on behalf of the putative class, seeks statutory damages under the FDCPA over the punitive class timeframes set forth herein.

## DEMAND FOR JURY TRIAL

4. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all counts alleged and on any issues so triable. *See* Sibley v. Fulton DeKalb Collection Service, 677 F.2d 830 (11th Cir.1982) (wherein the Eleventh Circuit held that, "a plaintiff, upon timely demand, is entitled to a trial by jury in a claim for damages under the FDCPA.").

## JURISDICTION AND VENUE

5. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

6. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

7. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained of conduct occurred within the venue.

## PARTIES

8. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

9. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a.

10. Defendant is a Florida corporation, with its principal place of business located in Miami, Florida.

11. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

12. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

13. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

14. The Consumer Debt is a "debt" governed by the FDCPA. *See* 15 U.S.C §1692a(5).

15. On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

16. On or about September 26, 2018 Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

17. The Collection Letter does not contain "*a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof,*

*the debt will be assumed to be valid by the **debt collector**.*" *See* 15 U.S.C. § 1692g(a)(3) (emphasis added).

18. The Collection Letter does not contain "*a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the **debt or a copy of a judgment against the consumer** and a copy of such verification **or judgment** will be mailed to the consumer by the debt collector.*" *See* 15 U.S.C. § 1692g(a)(4) (emphasis added).

19. The Collection Letter does not contain "*a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*" *See* 15 U.S.C. § 1692g(a)(5) (emphasis added).

20. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 130 S.Ct. 1605 (2010).

## CLASS ACTION ALLEGATIONS

21. This action is brought on behalf of the following class, *to wit*, the "**G-Notice Class**."

22. The "**G-Notice Class**" consists of:

> (i) all persons in the United States (ii) who were sent a collection letter (iii) between November 12, 2017 and November 12, 2018 (iv) by Defendant (v) in an attempt to collect a debt incurred for personal, family, or household purposes, (vi) of which Defendant was not the original-creditor, (vii) and said collection letter omitted the disclosures mandated by *either* 15 U.S.C. § 1692g(a)(3), g(a)(4) or g(a)(5).

23. Plaintiff alleges on information and belief that the G-Notice Class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical dunning letters to consumers attempting to collect consumer debts.

A. *EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

24. Common questions of law and fact exist as to each class and predominate over any issues involving only individual class members.

25. With respect to the **G-Notice Class**:

   (a) The *factual issues common* to the class are whether members received a collection letters from Defendant, in an attempt to collect a consumer debt, within the class period; and

   (b) The *principal legal issue* of the class is whether Defendant violated either 15 U.S.C. § 1692g(a)(3), § 1692g(a)(4) or § 1692g(a)(5) by failing to provide required disclosures.

26. Excluded from each class is Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

B. *TYPICALITY*

27. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

C. *ADEQUACY*

28. Plaintiff is an adequate representative of each of the class.

29. Plaintiff will fairly and adequately protect the interests of the class.

30.     Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and other consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

D.      *PREDOMINANCE AND SUPERIORITY*

31.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

> (a)     The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, in that, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

*COUNT I.*
**VIOLATION OF 15 U.S.C. § 1692g(a)(3)-(5)**

33.     On behalf of the G-Notice Class, Plaintiff incorporates the preceding Factual and Class Action Allegations.

34.     Section 1692g(a) of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. Specifically, §1692g(a) mandates that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g.

35. To satisfy the mandatory notice requirements of §1692g(a)(3)-(5), "[a] debt collector must ensure that notice of the right to dispute the debt is actually conveyed to the consumer, and that the notice is conveyed effectively, [whereby,] [t]he effectiveness of the notice is based on an objective standard of the manner in which a 'least sophisticated consumer' would interpret the notice." In re Martinez, 266 B.R. 523 (Bankr. S.D. Fla.).

36. With respect to the matter at hand, the collection letter does not adequately inform the consumer of the rights he or she enjoys under § 1692g(a)(3)-(5), let alone the nuances involved

in exercising such rights, because the collection letter, *inter alia*, entirely omits mandatory disclosures and/or information that Defendant was otherwise required to provide.

37. The Collection Letter does not effectively convey the information required to be disclosed to consumers under § 1692g(a)(3)-(5), but rather provides, at best, a distorted version of the disclosures. *See* Anselmi v. Shendell & Assocs., P.A., 2014 WL 5471111, at *2 (S.D. Fla. Oct. 29, 2014) ("Merely including the information required under 15 U.S.C. § 1692g(a) is insufficient; the notice must be set forth in a form and written context that does not distort or obfuscate its meaning." (citing McMurray v. ProCollect, Inc., 687 F.3d 665, 668 (5th Cir.2012)); *see also* Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir.2000) (notice must be "conveyed effectively to the debtor").

38. Accordingly, the Collection Letter violates the FDCPA by failing to sufficiently inform the least sophisticated consumer of the rights and/or protections he or she enjoys under § 1692g(a)(3)-(5), as the information/disclosure proffered in the Collection Letter is devoid of entire swaths of mandatory information (highlighted above with emphasis).

WHEREFORE, Plaintiff, individually and on behalf of the G-Notice Class request that the Court enter judgment in favor of Plaintiff and the G-Notice Class and against Defendant for:

(1) Statutory damages, as provided under 15 U.S.C. § 1692k(a)(2)(B);

(2) Attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(1) Such other or further relief as the Court deems proper. Such other or further relief as the Court deems proper.

DATED: November 12, 2018

                                          Respectfully Submitted,

                                           /s/ Jibrael S. Hindi                        .
                                          **JIBRAEL S. HINDI, ESQ.**
                                          Florida Bar No.: 118259
                                          E-mail:    jibrael@jibraellaw.com
                                          THE LAW OFFICES OF JIBRAEL S. HINDI
                                          110 SE 6th Street, Suite 1744
                                          Fort Lauderdale, Florida 33301
                                          Phone:     954-907-1136
                                          Fax:           855-529-9540